```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

BRIAN T. SMITH, JONATHAN C. CALIANOS

                Plaintiffs,

vs.                                      Case No. 2:11-cv-676-FtM-29DNF

BANK OF AMERICA HOME LOANS a subsidiary of Bank of America, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Sanctions for Defendants' Failure to Participate in the Mediation Conference in Good Faith (Doc. #79) filed on August 1, 2013. Defendants filed a Response to Plaintiffs' Motion (Doc. #80) on August 8, 2013.

Plaintiffs Brian Smith and Jonathan Calianos assert that sanctions should be imposed against defendants Bank of America, N.A., Mortgage Electronic Registrations Systems, Inc., and Federal National Mortgage Association for their conduct before and during the mediation conference held on June 27, 2013.

On November 26, 2012, the parties convened for their first mediation. During the mediation, plaintiffs provided the mediator with a bracket for resolving the case, but defendants were unwilling to enter plaintiffs' desired range at that time. The

Mediation Report indicated that the mediation was to be continued, and a second mediation was scheduled for June 27, 2013.

Prior to the second mediation, plaintiffs contacted defense counsel to inquire about defendants' position and to determine if the second mediation would be worthwhile.  Defense counsel would not indicate whether defendants would enter into the bracket established by plaintiffs during the first mediation session, but encouraged plaintiffs to attend the mediation.  The mediation proceeded as scheduled and the parties were unable to settle the case.

Plaintiffs assert that defendants knew prior to the mediation that they would not negotiate and had no plans to negotiate until the Court ruled on a pending motion to dismiss.  Plaintiffs contend that such conduct amounts to bad faith, and, as a result of such conduct, they incurred substantial travel expenses by attending the futile mediation.

Local Rule 9.05(c) provides that "all parties, corporate representatives, and any other required claims professionals (insurance adjusters, etc.), shall be present at the Mediation Conference with full authority to negotiate a settlement.  Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court."  Local Rule 9.05(c).  The Case Management and Scheduling Order further provides that the Court will sanction any party who does not attend the

mediation and actively participate in good faith. (Doc. #68, p. 10.) The burden is on the mediator, not the parties, to report any conduct that falls short of a good faith effort to resolve the case by agreement. (Id.)

Here, the second Mediation Report states that defendants' representatives attended the mediation, had authority to settle, and participated in the proceeding. (Doc. #78.) The report makes no mention of conduct amounting to bad faith. Furthermore, there is no requirement that a party disclose its position prior to mediation. If plaintiffs wished to avoid the mediation, they could have unilaterally requested relief from the Court. Accordingly, the Court finds that such conduct does not amount to bad faith.

Plaintiffs also contend that defendants were not vested in the mediation because they failed to provide a case summary prior to the mediation as required by the Court's Case Management and Scheduling Order. Defendants concede that they inadvertently failed to provide a case summary prior to the mediation, but assert that their failure to do so did not prejudice the mediation. The Court agrees. At the time of the second mediation, plaintiffs should have been well acquainted with defendants' position based on the wealth of briefing provided by defendants throughout the case and the prior mediation. Furthermore, the parties used the same mediator for both mediations so he was well-acquainted with the

case. Based on the foregoing, the Court finds that the evidence presented does not support an award of sanctions.

Accordingly, it is now

**ORDERED**:

Plaintiffs' Motion for Sanctions for Defendants' Failure to Participate in the Mediation Conference in Good Faith (Doc. #79) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of December, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record
Pro se parties