```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

BRIAN T. SMITH, JONATHAN C. CALIANOS

        Plaintiffs,

vs.                              Case No. 2:11-cv-676-FtM-29DNF

BANK OF AMERICA HOME LOANS a subsidiary of Bank of America, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

        Defendants.

_____

BANK OF AMERICA, N.A.

        Third Party Plaintiff,

vs.

BRIAN T. SMITH and JONATHAN C. CALIANOS, in their representative capacity as trustees for the SMITHCAL REALTY TRUST,

        Third Party Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Sanctions for Failure to Comply with Federal Rule of Civil Procedure 30(b)(6) (Doc. #131) filed on December 12, 2013. Plaintiffs filed a Supplement Regarding Local Rule 3.01(g) Certification on Motion for Sanctions (Doc. #144) on December 19, 2013. Defendant Bank of America, N.A. filed a Counter-Certification of Defendants' Counsel to Plaintiffs' "Supplement

Regarding Local Rule 3.01(g) Certification on Motion for Sanctions" (Doc. #148) on December 23, 2013, and a Response in Opposition to Plaintiffs' Motion for Sanctions for Failure to Comply with Federal Rule of Civil Procedure 30(b)(6) (Doc. #151) on December 26, 2013. On January 2, 2014, plaintiffs filed a Supplement to the Motion for Sanctions (Doc. #156). In response, Bank of America filed a Motion to Strike Plaintiffs' "Supplement" to the Motion for Sanctions, or, in the alternative, Request for Leave to Respond (Doc. #158) on January 8, 2014.

## I.

On May 31, 2013, pro se plaintiffs Brian Smith and Jonathan Calianos notified Bank of America, N.A. of their intent to depose a corporate representative pursuant to Rule 30(b)(6). On August 22, 2013, plaintiffs sent Bank of America a Notice of Deposition designating September 5, 2013 as the date for the deposition. The following day, Bank of America proposed that the deposition be conducted on September 11, 2013, and identified certain topics contained in the Notice of Deposition that it considered objectionable. The parties agreed to conduct the deposition on September 12, 2013, and attempted to narrow the scope of the deposition before the scheduled date, but were unable to do so. As a result, Bank of America filed an Emergency Motion for a Protective Order on September 10, 2013. The Court cancelled the deposition and issued an Order precluding plaintiffs from inquiring

into certain topics. The Court also issued a separate Protective Order. Following the issuance of the Protective Order, the parties agreed to conduct the deposition on November 25, 2013, but Bank of America continued to object to a number of topics identified in the Notice of Deposition.

On the designated date, Calianos appeared to conduct the deposition of Bank of America's corporate representative, Maria Ear (Ear).[1] Although the deposition lasted for more than seven hours, plaintiffs were unable to obtain all of the desired information. Plaintiffs contend that Ear was unfamiliar with all of the topics identified in the Notice of Deposition and now seek entry of default, or in the alternative, an order precluding defendant Bank of America from presenting testimony on the topics in which the Rule 30(b)(6) designee was unable to provide knowledgeable or specific responses. In response, Bank of America asserts that plaintiffs' motion is both procedurally defective and without merit.[2]

---

[1] Although plaintiffs are proceeding pro se, Calianos is a licensed attorney; therefore, plaintiffs will not receive the leniency customarily reserved for other pro se litigants. See Olivares v. Martin, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977). See Also Bowers v. Bd. of Regents of Univ. Sys. of Ga., 509 F. App'x 906, 908 n.1 (11th Cir. 2013).

[2] Bank of America also moves to strike the supplement filed on January 2, 2014, because it violates Local Rules 3.01(c), 3.01(g), and 3.04(a). Although plaintiffs failed to comply with the Local Rules, the circumstances do not warrant the requested relief. Furthermore, the Court finds that additional briefing on the matter
(continued...)

**II.**

Rule 30(b)(6) of the Federal Rules of Civil Procedure governs deposition notices directed to organizations. Upon receiving a deposition notice that describes "with reasonable particularity the matters on which examination is requested," an organization must designate one or more persons to testify on its behalf as to those matters. Fed. R. Civ. P. 30(b)(6). "The persons designated must testify about information known or reasonably available to the organization." Id. The organization must adequately prepare the designee to address the topics contained in the notice to the extent matters are reasonably available, whether from documents, past employees, or other sources. Continental Cas. Co. v. First Fin. Emp. Leasing, Inc., 716 F. Supp. 2d 1176, 1189 (M.D. Fla. 2010) (citing Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir. 2006)). "If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute." Brazos River Auth., 469 F.3d at 433 (citations omitted).

If a corporate representative is unable to answer questions regarding the designated subject matter, then the corporation has failed to comply with Rule 30(b)(6) and may be subject to

---

[2](...continued)
is unnecessary; therefore, Bank of America's Motion to Strike Plaintiffs' "Supplement" to the Motion for Sanctions, or, in the alternative, Request for Leave to Respond (Doc. #158) is denied.

sanctions. Continental Cas. Co., 716 F. Supp. 2d at 1176. Rule 37(d)(1)(A)(I) authorizes sanctions if a Rule 30(b)(6) designee fails to appear for a deposition, and producing an unprepared witness may be sanctionable as a nonappearance under the Rule. Id. A motion for sanction filed pursuant to Rule 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B).

Here, plaintiffs have failed to comply with Rule 37(d)(1)(B) because they did not make a good faith effort to obtain the requested information without court action. It is clear that the witness struggled with certain topics and was unable to provide detailed answers on others;[3] however, defense counsel stated during the deposition, in response to plaintiffs' motion for sanctions, and during the Final Pretrial Conference, that Bank of America is willing to provide additional information to cure any responses in the deposition that plaintiffs' consider inadequate, provided the questions are within the scope Rule 30(b)(6) notice and are not

---

[3]Bank of America acknowledges that the witness was unable to provide specific answers to some of the questions, but the transcript reflects that defense counsel wanted plaintiffs to obtain the desired information and offered a recess to allow the witness to obtain a computer with access to Bank of America's system so she could properly answer the questions. Calianos, however, disregarded the offer. Interestingly, plaintiffs now chastise Bank of America for not obtaining the witness's computer during the lunch break.

otherwise objectionable. Plaintiffs refused such offers and indicated that they would rather seek sanctions than obtain the relevant information. Because Bank of America made a good faith effort to provide plaintiffs with the desired information, the Court finds that the harsh sanctions of default and exclusion of evidence are not warranted. See <u>United States v. Certain Real Property Located at Route 1, Bryant, Ala.</u>, 126 F.3d 1314, 1317 (11th Cir. 1997) (holding that Rule 37 sanctions such as dismissal or entry of default are only appropriate when the offending party's conduct amounts to a flagrant disregard or willful disobedience of discovery orders).

The Court further declines to reopen discovery to obtain the desired information because of plaintiffs' conduct during the deposition. A review of the deposition transcript reveals that the deposition was nothing short of a painful exercise riddled with objections and irrelevancies. In conducting the deposition, Calianos exceeded the scope of the Rule 30(b)(6) notice, attempted to force the witness to answer questions based on his erroneous definition of a "holder," sought the witness's personal opinion regarding the similarity or differences between the signatures on the two notes relevant to this case, had the witness read and interpret credit reports prepared by third-parties, inquired about Bank of America's Amended Counterclaim and Third Party complaint, and broached a topic precluded by the Court's Protective Order.

Such conduct resulted in a transcript full of objections and irrelevant personal opinions.  In light of all the circumstances, the Court concludes that sanctions are not warranted; therefore, plaintiffs' motion for sanctions is denied.

Accordingly, it is now

**ORDERED**:

1. Plaintiffs' Motion for Sanctions for Failure to Comply with Federal Rule of Civil Procedure 30(b)(6) (Doc. #131) is **DENIED.**

2. Defendant Bank of America, N.A.'s Motion to Strike Plaintiffs' "Supplement" to the Motion for Sanctions, or, in the alternative, Request for Leave to Respond (Doc. #158) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of January, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Pro se parties
Counsel of record